# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RICKEY EVANS (#108026)

VERSUS                                              CIVIL ACTION

CHAD BUTLER, ET AL                                  NUMBER 09-159-RET-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 18, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RICKEY EVANS (#108026)

VERSUS                                            CIVIL ACTION

CHAD BUTLER, ET AL                               NUMBER 09-159-RET-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Partial Summary Judgment.  Record document number 18.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, former Secretary Richard Stalder, Warden Burl Cain, Assistant Warden Jimmy Smith, Assistant Warden Shirley Coody,  Capt. Cleveland Mills, Maj. Chad Butler, Maj. Steve Brengesty[1], Sgt. David Adams and Emergency Medical Technician (EMT) Anthony McCoy.  Plaintiff alleged that he was subjected to unconstitutional conditions of confinement, was issued a false disciplinary report, was retaliated against for complaining about unsanitary conditions, was subjected to an excessive use of force and was denied medical treatment in violation of his constitutional rights.

Defendants moved for summary judgment relying on a statement of undisputed facts, the results of Administrative Remedy Procedure (ARP) LSP-2006-3223, the affidavits of Rhonda Z. Weldon and Dr. Jonathan Roundtree and copies of the plaintiff's medical

---

[1] Referred to as Brengettsy in the complaint.

records.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

**Failure to Exhaust Administrative Remedies**

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding his medical indifference, false disciplinary report, retaliation, negligence and failure to train and/or supervise claims.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.  *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before

filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

In his complaint, the plaintiff alleged that he exhausted available administrative remedies in ARP LSP-2006-3232.[2]

The summary judgment evidence showed that the plaintiff filed ARP LSP-2006-3223 on September 1, 2006, and it was received by the Legal Programs Department on September 12, 2006.[3] In the administrative grievance, the plaintiff complained that on August 8, 2006, Capt. Brengesty stood in the lobby while an unidentified correctional officer sprayed him with an excessive amount of mace after he complained about unsanitary food trays. Plaintiff complained that Capt. Brengesty took no action to protect him from the

---

[2] Record document number 1, p. 2.

[3] Defendants' exhibit 1.

3

excessive use of force and failed to discipline his subordinates.[4]

The summary judgment evidence showed that the only claim that was exhausted through ARP LSP-2006-3223 was the plaintiff's excessive use of force claim. The summary judgment evidence supports a finding that the plaintiff failed to exhaust available administrative remedies regarding all claims raised in his complaint except his excessive use of force claim prior to filing suit as required by 42 U.S.C. § 1997e(a).

**Prescription**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

---

[4] *Id.*

4

Plaintiff alleged that on August 8, 2006, he was subjected to an excessive use of force. Specifically, the plaintiff alleged that when he was served breakfast on a "filthy food tray" he asked Sgt. Adams to provide another meal on a clean tray. Plaintiff alleged that Sgt. Adams responded that all the food trays were in a similar condition. Plaintiff requested to speak with Sgt. Adams' supervisor. Plaintiff alleged that Sgt. Adams exited the unit and a short time later Capt. Mills, Maj. Brengesty and Maj. Butler entered the tier. Plaintiff alleged that Maj. Butler sprayed him with an entire can of mace.

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977).

Plaintiff signed his complaint on March 18, 2009, and it was filed on March 20, 2009. Ordinarily, any claim the plaintiff had against these defendants which occurred prior to March 18, 2008, would be prescribed. However, the court must take into account the pendency of ARP LSP-2006-3223. *See, Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999) (the pendency of a properly filed ARP proceeding will act to toll the running of the one-year limitations period for prisoners' claims).

5

From the time the incident occurred on August 8, 2006, until September 1, 2006, the date the plaintiff signed his ARP, 23 days of the limitations period elapsed. From September 1, 2006, the date the plaintiff filed his ARP, until March 11, 2008, the date ARP LSP-2006-3223 was denied at the Second Step, the limitations period was tolled. From March 11, 2008, the date the Second Step was issued, until March 18, 2009, the date the plaintiff signed his civil rights complaint, 371 days of the limitations period elapsed.[5] By the time the plaintiff signed his civil rights complaint on March 18, 2009, more than one year (394 days) of the limitations period elapsed.

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and the plaintiff's unconstitutional conditions of confinement, medical indifference, false disciplinary report, retaliation, negligence and failure to train and/or supervise claims be dismissed. It is further recommended that the plaintiff's excessive force claim be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and this action be dismissed.

Signed in Baton Rouge, Louisiana, on March 18, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[5] Even if the plaintiff were given the benefit of having the limitations period remain tolled until March 19, 2008, the date he received the Second Step Response, record document number 18-8, p. 4, the excessive force claim would nonetheless be prescribed.

6